UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT GARCEAU, ALAN
DICKENSON II, STEVEN HOWE,
CARY WOOSTER, KEVIN SMITH,
ERIC EADS, LAWRENCE
LAFRAMBOISE, TROY SIMPSON,
and ESTHER CAMPBELL,

    Plaintiffs,

v

CITY OF FLINT, DARRYL PATTERSON,
and ALVERN LOCK, jointly and severally,

    Defendants.

CASE NO. 12-

JUDGE

_____

TOM R. PABST (P27872)
Representing Plaintiffs
2503 S. Linden Road
Flint, MI  48532
(810) 732-6792

_____

There is another civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in Genesee County Circuit Court, being *Robert Garceau, et al. v City of Flint, et al*, Case No. 12-99554-CZ, assigned to the Honorable Joseph J. Farah.

## COMPLAINT AND JURY DEMAND

NOW COMES Tom R. Pabst, representing City of Flint Police Officers, Robert Garceau, Alan Dickenson II, Steven Howe, Cary Wooster, Kevin Smith, Eric Eads, Lawrence Laframboise, Troy Simpson and Esther Campbell, Plaintiffs herein, and shows unto this Honorable Court as follows:

## JURISDICTION, VENUE AND PARTIES

(1)     This is a civil action brought pursuant to 42 USC §1983 seeking declaratory and injunctive relief and money damages against Defendants for purposeful discrimination and/or retaliation, under color of law, in violation of the First Amendment, and the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution, as well as 42 USC §1981.

(2)     This Court has jurisdiction pursuant to 28 USC §1331, and §1343(a). Jurisdiction for the declaratory relief sought is also premised upon 28 USC §2201 and §2202. Venue lies in the Eastern District of Michigan pursuant to 28 USC §1391(b).

(3)     That at all times pertinent hereto, City of Flint Police Officers Robert Garceau, Alan Dickenson II, Steven Howe, Cary Wooster, Kevin Smith, Eric Eads, Lawrence Laframboise, Troy Simpson and Esther Campbell were/are United States citizens and residents of Genesee County, Michigan; and Police Officers employed by Defendant City of Flint, a governmental entity exercising its political powers in the City of Flint, Genesee County, Michigan.

(4)     That at all times pertinent hereto, Defendant City of Flint was/is a governmental entity (hereinafter "Defendant City") and was/is a political subdivision located and exercising its political power in Genesee County, Michigan.

(5)     That at all times pertinent hereto, Defendant Alvern Lock, who is being sued in his <u>individual capacity</u>, was/is acting "under color of law" as the Chief of Police of Defendant City.

(6) That all times pertinent hereto, Defendant Darryl Patterson, who is being sued in his <u>individual capacity</u>, was/is acting "under color of law" as Police Captain for Defendant City.

## COMMON ALLEGATIONS

(7) That we repeat paragraphs 1-6 above.

(8) That at all times pertinent hereto, Defendants herein agreed to and had a policy, rule, custom and/or practice of favoring African-American/black Police Officers over Caucasian/white Police Officers, such as Plaintiffs, when it came to the terms and conditions of employment, which included, but not by way of limitation, promotions, provisional and otherwise.

(9) That at all times pertinent hereto, Defendants herein also agreed to and had a policy, rule, custom and/or practice of retaliating against and/or harassing Caucasian/white Police Officers who had the temerity to oppose Defendants' aforesaid unlawful racial policy, and/or criticize, in any way, Defendants' implementation of their aforesaid unlawful racial policy.

(10) That the Defendants herein acted in concert with one another, and aided and abetted one another in accomplishing the actions and consequences set forth herein, and in implementing and effecting Defendants' unlawful race policies and agreement, including the policy and/or agreement of harassment and retaliation, the exact nature and extent of which concerted action is well known to Defendants, but not to Plaintiffs – yet.

(11) That, upon information and belief, the individual Defendants herein did what they did, in part, at least, for their own <u>personal</u> reasons.

(12) That the amount in controversy far exceeds $100,000.

## COUNT I – DISCRIMINATION, OPPOSITION AND RETALIATION IN VIOLATION OF EQUAL PROTECTION RIGHTS

(13) That we repeat paragraphs 1-12.

(14) That this Court has jurisdiction to hear and decide this claim pursuant to the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, 42 USC §1983, and 28 USC §1331 and §1343(a).

(15) That this Court also has jurisdiction and power to hear and decide this claim pursuant to 42 USC §1981.

(16) That Defendants herein had a constitutional duty not to violate Plaintiffs' Equal Protection rights of Caucasian/white Police Officers and citizens of the United States, pursuant to the mandates of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, as well as according to the mandates of 42 USC §1981.

(17) That Defendants herein breached the aforesaid Constitutional duties and violated Plaintiffs' rights, by promoting African-American/black Police Officers to provisional sergeants when Caucasian/white Police Officers should have been promoted, according to Defendants own rules, and/or leaving the African-American/black Police Officers in place after they flunked the test that was administered therefor during the years 2011 and 2012.

(18) That Defendants' aforesaid favoring of African-American/black Police Officers over Caucasian/white Police Officers was totally, one hundred percent subjective on the part of Defendants herein and, in fact, in derogation of important rules and regulations that Defendants herein had previously agreed to abide by. However, Defendants' conduct was consistent with effecting and implementing the agreement/policy of favoring African-American/black Police Officers referred to hereinabove in paragraphs 8 and 9.

4

(19) That when a number of the Caucasian/white Police Officers named as Plaintiffs herein opposed and/or resisted the unlawful race favoritism and/or discrimination being effected by Defendants herein pursuant to their own policy, Defendants herein invoked their other policy of harassing and retaliating against the Caucasian/white Police Officers for standing up for their Constitutional rights under the Fourteenth Amendment to the United States Constitution! Said Defendants accomplished this by increasing scrutiny on Plaintiffs and/or meting out pretextual discipline to Plaintiffs.

(20) That when the individual Defendants herein, Defendant Lock and Defendant Patterson, breached the aforesaid Constitutional duties and violated Plaintiffs' rights, that misconduct was/is attributed to Defendant City under the attribution rule established by *Pembaur v City of Cincinnati,* 475 US 469 (1986).

(21) That one of the individual African-American/black Defendants said he wanted to "beat up" Caucasian/white Plaintiff Police Officer Robert Garceau, something that the African-American/black Defendant herein never said regarding any African-American/black Police Officer.

(22) That the Defendants herein acted in concert with one another and aided and abetted one another in accomplishing and effecting their unlawful race policy and in effecting their unlawful retaliation policy, as well as in accomplishing the actions and consequences set forth herein, the exact nature and extent of which concerted activity is well known to Defendants, but not to Plaintiffs – yet.

(23) That upon information and belief, the individual Defendants herein did what they did, in part, at least, for their own personal reasons.

(24) That as a direct and proximate result of the aforesaid unlawful race discrimination and retaliation, Plaintiffs herein each suffered the following injuries and damages, amongst others:

    (a) Extreme emotional distress and mental anguish, past and future;

    (b) Anxiety and embarrassment, past and future;

    (c) Worry, humiliation, insulted honor, and mortification, past and future;

    (d) Damage to professional reputation;

    (e) Loss of benefits and income, past and future;

    (f) Outrage, past and future;

    (g) Incurrence of attorney fees and costs for having to right the wrongs by Defendants herein; and

    (h) Actual attorney fees and costs allowed by law to be recovered under circumstances such as these.

Because the conduct of the individual Defendants herein, Defendant Lock and Defendant Patterson, was/is reckless and/or indifferent to Plaintiffs' rights, Plaintiffs are also entitled to recover punitive damages from these individual Defendants.

(25) That the best case scenario for Defendants herein is that this case constitutes a so-called "mixed motive" case in accordance with the rule of law set forth in the Sixth Circuit Court of Appeals case of *White v Baxter*, 533 F3d 381 (6${}^{th}$ Cir. 2008).

(26) That the damages attributable to the aforesaid injuries and losses, far exceed $100,000.

### COUNT II – HARASSMENT BASED UPON RACE IN VIOLATION OF EQUAL PROTECTION RIGHTS

(27) That we repeat paragraphs 1 - 26.

(28) That this Court has jurisdiction to hear and decide this claim pursuant to the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, 42 USC §1983, and 28 USC §1331 and §1343(a).

(29) That the Court also has jurisdiction and power to hear and decide this claim pursuant to 42 USC §1981.

(30) That the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution also prohibits discriminatory harassment based upon protected activities, such as race.

(31) That Defendants herein breached the aforesaid Constitutional duties and violated Plaintiffs' rights herein because of their race, and because of their opposition to the unlawful policy, rule, custom and/or practice being effected and implemented by Defendants herein, as aforesaid.

(32) That Defendants herein also harassed Plaintiffs because the Caucasian/white Police Officer Plaintiffs asserted their rights under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

(33) That the Defendants herein acted in concert with one another and aided and abetted one another in accomplishing and effecting their unlawful race policy and in effecting their unlawful retaliation policy, as well as in accomplishing the actions and consequences set forth herein, the exact nature and extent of which concerted activity is well known to Defendants, but not to Plaintiffs – yet.

(34) That one of the individual African-American/black Defendants said he wanted to "beat up" Caucasian/white Plaintiff Police Officer Robert Garceau, something that the

African-American/black Defendant herein never said regarding any African-American/black Police Officer.

(35)  That upon information and belief, the individual Defendants herein did what they did, in part, at least for their own <u>personal</u> reasons.

(36)  That as a direct and proximate result of the aforesaid unlawful discriminatory retaliation, Plaintiffs herein each suffered the following injuries and damages, amongst others:

    (a)    Extreme emotional distress and mental anguish, past and future;

    (b)    Anxiety and embarrassment, past and future;

    (c)    Worry, humiliation, insulted honor, and mortification, past and future;

    (d)    Damage to professional reputation;

    (e)    Loss of benefits and income, past and future;

    (f)    Outrage, past and future;

    (g)    Incurrence of attorney fees and costs for having to right the wrongs by Defendants herein; and

    (h)    Actual attorney fees and costs allowed by law to be recovered under circumstances such as these.

Because the conduct of the individual Defendants herein, Defendant Lock and Defendant Patterson, was/is reckless and/or indifferent to Plaintiffs' rights, Plaintiffs are also entitled to recover punitive damages from these individual Defendants.

(37)  That the best case scenario for Defendants herein is that this case constitutes a so-called "mixed motive" case in accordance with the rule of law set forth in the Sixth Circuit Court of Appeals case of *White v Baxter*, 533 F3d 381 (6th Cir. 2008).

(38) That the damages attributable to the aforesaid injuries and losses, far exceed $100,000.

## COUNT III – FIRST AMENDMENT VIOLATIONS

(39) That we repeat paragraphs 1 - 38.

(40) That this Court has jurisdiction to hear and decide this claim pursuant to the First and Fourteenth Amendment to the United States Constitution, 42 USC §1983, and 28 USC §1331 and §1343(a).

(41) That Defendants herein owed Plaintiffs a Constitutional duty not to purposefully interfere with Plaintiffs' federally protected rights under the United States Constitution, in particular, but not by way of limitation, the First Amendment to the United States Constitution.

(42) That Plaintiffs herein -

    (a) Were engaged in protected activity under the First Amendment when they raised and/or disclosed matters of "public concern," *to wit* -

        (i) That Caucasian/white Police Officers were victims of race based discrimination, retaliation and harassment in violation of law; and

        (ii) That Plaintiffs opposed the race based discrimination/retaliation and harassment against Caucasian/white Police Officers that was being meted out by Defendants herein.

    (b) Were retaliated against and/or punished by Defendants herein in such a way that it would chill an ordinarily firm victim, such as Plaintiffs, from raising the aforesaid matters of public concern.

There was/is a causal connection between sub(a) and sub(b) hereinabove.

(43) That when the individual Defendants herein, Police Chief Lock and Captain Patterson, breached the aforesaid Constitutional duties and violated Plaintiffs' rights, that misconduct was/is attributed to Defendant City under the attribution rule established by *Pembaur v City of Cincinnati*, 475 US 469 (1986).

(44) That Defendants herein also meted out discipline against certain of the Plaintiffs herein because they raised matters of public concern.

(45) That the Defendants herein acted in concert with one another, and aided and abetted one another, in accomplishing the actions and consequences set forth herein, and in effecting their policy of retaliation and harassment, the exact nature and extent of which concerted action is well known to Defendants, but not to Plaintiffs – yet.

(46) That upon information and belief, the individual Defendants herein did what they did, in part at least, for their own personal reasons.

(47) That as a direct and proximate result thereof, Plaintiffs herein each suffered the following injuries and damages, amongst others:

    (a)    Extreme emotional distress and mental anguish, past and future;

    (b)    Anxiety and embarrassment, past and future;

    (c)    Worry, humiliation, insulted honor, and mortification, past and future;

    (d)    Damage to professional reputation;

    (e)    Loss of benefits and income, past and future;

    (f)    Outrage, past and future;

    (g)    Incurrence of attorney fees and costs for having to right the wrongs by Defendants herein; and

    (h)    Actual attorney fees and costs allowed by law to be recovered under circumstances such as these.

Because the conduct of the individual Defendants herein, Police Chief Lock and Captain Patterson, was/is reckless and/or indifferent to Plaintiffs' rights, Plaintiffs are also entitled to recover punitive damages from these individual Defendants.

(48) That the best case scenario for Defendants herein is that this case constitutes a so-called "mixed motive" case in accordance with the rule of law set forth in the Sixth Circuit Court of Appeals case of *White v Baxter*, 533 F3d 381 (6th Cir. 2008).

(49) That the damages attributable to the aforesaid injuries and losses, far exceed $100,000.

WHEREFORE, Plaintiffs herein pray for judgment against Defendants herein as follows:

(a) Determining and declaring that Defendants interfered with Plaintiffs' rights secured by its Constitution;

(b) Enjoining Defendants from interfering in any manner with Plaintiffs' exercised rights secured by the United States Constitution, or from basing any action regarding Plaintiffs upon Plaintiffs' exercise of said constitutional rights;

(c) For compensatory damages in whatever amount in excess of $100,000 the trier of fact finds to be fair and just, in accordance with the law and evidence;

(d) For punitive damages against the individual Defendants herein in an amount proved at trial; and

(e) For the cost of this action, including specifically, but not by way of limitation, actual attorney fees allowed by law, in accordance with the established law under 42 USC §1981, 42 USC §1983 and 42 USC §1988.

Dated: 12/17/12                                   /s/ Tom R. Pabst
                                                  TOM R. PABST (P27872)
                                                  Representing Plaintiffs

## JURY DEMAND

All Plaintiffs hereby demand a trial by jury.

Dated: 12/17/12                                   /s/ Tom R. Pabst
                                                  TOM R. PABST (P27872)
                                                  Representing Plaintiffs