UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT GARCEAU, *et al.*,

                Plaintiffs,                Case No. 12-15513
                                                Honorable Paul D. Borman
v.                                                 Magistrate Judge David R. Grand

CITY OF FLINT, DARRYL PATTERSON,
and ALVERN LOCK,

                Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR STAY OF DISCOVERY [9]

Before the court is Defendants' Motion for Stay of Discovery Until Resolution of Defendants' Pending Summary Judgment Motion (Doc. #9). Plaintiffs filed a response to this motion on March 1, 2013 (Doc. #13). An Order of Reference was entered on February 22, 2013, referring this motion to the undersigned for a determination. (Doc. #10). Pursuant to E.D. Mich. L.R. 7.1(f)(2), the court shall decide this motion without oral argument. Accordingly, the hearing scheduled for March 27, 2013, is cancelled.

Plaintiffs, who are fourteen white police officers employed by the City of Flint, filed suit against Defendants City of Flint, Darryl Patterson, and Alvern Lock (collectively "Defendants") on December 17, 2012, alleging, *inter alia*, claims of race discrimination, retaliation, and conspiracy. (Doc. #1). Plaintiffs filed an amended complaint on December 28, 2012 (Doc. #5), and a second amended complaint on January 29, 2013 (Doc. #6). On February 4, 2013, Defendants filed a Motion to Partially Dismiss for Failure to State a Claim. (Doc. #7). The District Court issued a Notice of Hearing, scheduling oral argument on Defendants' Motion to Partially Dismiss for October 16, 2013. (Doc. #8).

On February 21, 2013, Defendants filed the instant Motion for Stay of Discovery,

asserting that, despite the pendency of Defendants' partial motion to dismiss, Plaintiffs had "indicated their intent to attempt to move forward with discovery, and if necessary to seek the court's intervention to compel discovery." (Doc. #9 at 3). Defendants argued that, because they have moved to dismiss most of Plaintiffs' claims at least partially on the basis of qualified immunity, discovery should be stayed pending resolution of their dispositive motion. Plaintiffs, in their response brief, did not articulate any arguments which directly respond to the legal arguments in Defendants' motion to stay discovery; rather, they merely asserted that they "seek to have this Court immediately address and deny Defendants' separately filed Motion regarding qualified immunity so that discovery can take place in a meaningful manner forthwith." (Doc. #13).

As the Sixth Circuit has recognized, "The entitlement to qualified immunity involves immunity from suit rather than a mere defense to liability." *Skousen v. Brighton High School*, 305 F.3d 520, 526 (6th Cir. 2002) (citing *Siegert v. Gilley*, 500 U.S. 226, 233 (1991)). The *Skousen* court further noted that, "The philosophy behind the doctrine of qualified immunity 'is a desire to avoid the substantial costs imposed on government, and society, by subjecting officials to the risks of trial.'" *Skousen*, 305 F.3d at 526 (quoting *Vaughn v. United States Small Bus. Admin.*, 65 F.3d 1322, 1326 (6th Cir. 1995)). Such burdens include "distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." *Skousen*, 305 F.3d at 526 (internal quotations omitted). Thus, when a defendant seeks dismissal on the basis of qualified immunity, "A stay of discovery is properly granted until the issue of immunity is resolved." *Bradley v. Hallworth*, 2010 WL 2231820, at *1 (W.D. Mich. June 1, 2010); *see also Criss v. City of Kent*, 867 F.2d 259, 261 (6th Cir. 1988) ("discovery in litigation against government officials should be halted until the threshold question of immunity

is resolved"); *Kennedy v. City of Cleveland*, 797 F.2d 297, 298-99 (6th Cir. 1986) ("a claim of immunity raises an interest in an early, and inexpensive, termination of the litigation"). In other words, then, the Sixth Circuit "has made clear that the Court is required to resolve the question of qualified immunity before permitting further discovery." *Short v. Hines*, 2010 WL 3469661, at *1 (E.D. Mich. Aug. 30, 2010) (citing *Skousen*, 305 F.3d at 526-27).

Plaintiffs have given the court no valid reason to depart from this well-settled principle. Their sole argument with respect to the instant motion to stay discovery is an assertion that they will prevail on the merits of Defendants' qualified immunity defense. However, that is an issue being litigated in Defendants' pending motion to dismiss, which is not before this court.

Accordingly, based on the above case law, it is appropriate to stay discovery until Defendants' partial motion to dismiss, and the qualified immunity defense raised therein, are decided. This will protect the interests of these public officials, while also allowing for later discovery, should some or all of Plaintiffs' claims survive dismissal.

Accordingly, the court **GRANTS** Defendants' Motion for Stay of Discovery (Doc. #9). It is **ORDERED** that discovery is stayed in this case pending the outcome of Defendants' Motion to Partially Dismiss for Failure to State a Claim (Doc. #7).

Dated: March 14, 2013              s/David R. Grand
Ann Arbor, Michigan                DAVID R. GRAND
                                   United States Magistrate Judge


### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 14, 2013.

                                                  s/William Barkholz for Felicia M. Moses
                                                  FELICIA M. MOSES
                                                  Case Manager