UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT GARCEAU, ET AL.,

               Plaintiffs,                           Case No. 12-cv-15513

v.

                                                  Paul D. Borman
CITY OF FLINT, ET AL.,                       United States District Judge

               Defendants.
_____/

OPINION AND ORDER
DENYING DEFENDANTS' MOTION FOR RECONSIDERATION (ECF NO. 66)

On August 31, 2016, this Court entered an Opinion and Order that granted Defendants'
Motion for Summary Judgment regarding Reverse Race Discrimination and denying in part and
granting in part Defendants' Motion for Summary Judgment regarding Retaliation.  (ECF No.
65).  Specifically, the Court held that genuine issues of material fact existed as to Plaintiff
William Surface's First Amendment retaliation claim.  Now before the Court is Defendants City
of Flint, Darryl Patterson, and Alvern Lock's Motion for Reconsideration requesting that the
Court dismiss Plaintiffs' case in its entirety (ECF No. 66).  For the reasons stated below the
Court DENIES Defendants' Motion for Reconsideration.

I. BACKGROUND

The facts in this matter are thoroughly set forth in the Court's August 31, 2016 Opinion
and Order and the Court incorporates them here.  *Garceau v. City of Flint*, No. 12-15513, 2016
WL 4537813, *1-7 (E.D. Mich. Aug. 31, 2016) (available on the docket at ECF No. 65, at 2-15).

## II. STANDARD OF REVIEW

Defendants brings their Motion for Reconsideration pursuant to E.D. Mich. LR 7.1(h)(3), which provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

A movant "must show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case." *Indah v. U.S. Sec. & Exch. Comm'n*, 661 F.3d 914, 924 (6th Cir. 2011) (citing E.D. Mich. LR 7.1). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Public Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003).

## III. ANALYSIS

Defendants contend that this Court committed palpable error when it concluded that Plaintiff Surface had provided sufficient evidence to show his suspension was substantially motivated by the filing of this lawsuit and that genuine issues of material fact existed as to whether Plaintiff Surface would have been suspended regardless of his protected conduct. Specifically, Defendants argue that the Court erred in its conclusions because (1) the Court disregarded the witness testimony of Lieutenant Bolger and Chief Raymond Hall when it concluded that Plaintiff Surface's 29-day long suspension was a severe sanction that was out of

2

step with his previous disciplines; (2) the Court failed to credit testimony of Sergeant Rodney Williams, who testified that other officers received 29-day suspensions for excessive force; and (3) the Court improperly inferred retaliation from the fact Plaintiff Surface received his suspension the same day Defendant Lock retired and was called back to duty by the new chief of police before his suspension was completed.  The Court addresses each argument in turn.

      A.    The Court did not err in construing the evidence in a light most favorable to Plaintiff

Defendants' first argument of error is easily dispatched.  Indeed, Defendants do not identify a palpable error but merely request that the Court improperly view the evidence in a light most favorable to Defendants rather than Plaintiff.  To this end, Defendants contend that the Court erred when it "heavily" relied upon an independent arbitrator's decision that found the suspension was an "excessive response, that Plaintiff Surface's actions were not so egregious to warrant deviating from the progressive discipline policy, and overturned Plaintiff Surface's 29-day suspension.  (*See* ECF No. 59, Ex. 25, 2015 Surface Arbitration Decision.)  Defendants argue that the Court also ignored the testimony of Lieutenant Bolger and Chief Hall, both witnesses to Plaintiff Surface's alleged excessive force and who both opined that Plaintiff Surface's actions were neither reasonable nor necessary.  Defendants conclude that this testimony supports their position that the suspension was not excessive.

Defendants also claim that the Court ignored the social dynamics surrounding Plaintiff Surface's alleged excessive force that justified his 29-day suspension – namely that the alleged excessive force could have been "perceived as police brutality to a general public with overtly sensitive racial tensions."  (ECF No. 66, at 11.)  Finally, Defendants note that there was no evidence of a comparable situation to which to compare Plaintiff Surface's conduct and thus the

Court could not properly find 29-day suspension was excessive.

The Court recognizes that the evidence cited by Defendants supports a conclusion that the 29-day suspension was justified and not excessive.  Yet, when evaluating a motion for summary judgment the Court is charged with adhering to "the fundamental principle that at the summary judgment stage, reasonable inferences should be drawn in favor of the nonmoving party." *Tolan v. Cotton*, --- U.S. --- , 134 S.Ct. 1861, 1868 (2014) (recognizing that "witnesses on both sides come to this case when their own perceptions, recollections, and even potential biases.  It is in part for that reason that genuine disputes are generally resolved by juries in our adversarial system."). Here, Defendants have merely pointed out evidence that weighs in their favor but cannot overcome the fact that there was material evidence that weighs in favor of finding the suspension excessive and unjustified.  It was undisputed that Plaintiff Surface's discipline was not in line with the progressive discipline policy, that Plaintiff Surface's suspension was overturned in arbitration, and that arbitrator found it was unjustified under the circumstances.  Plaintiff Surface was also called back to service by the new chief of police before his suspension was completed.  Viewing this evidence and making reasonable inferences in a light most favorable to Plaintiff Surface, the Court did not palpably err in concluding that Plaintiff had sufficiently shown that his suspension was excessive and not appropriate in light of the alleged conduct.

B.      Court did not err when it failed to credit Rodney Williams' testimony

Defendants next argue that the Court improperly relied upon the testimony of Defendant Patterson who testified that he could not recall any other officer who received a 29-day suspension for excessive force.  (*See* ECF No. 53. Ex. G, Patterson Dep. (Nov. 2015), at 23.)

4

Defendants contend that the Court should have instead credited the testimony of Sergeant Rodney Williams, who testified that there were other officers who received the same or similar suspensions for excessive force.  (*See* ECF No. 58, Ex. 20, R. Williams Dep. (Nov. 2015), at 19-20).  Defendants conclude that this testimony evidences that Plaintiff Surface would have received the same suspension regardless of whether this lawsuit had been filed.

The Court acknowledges Sergeant Rodney Williams' testimony supports Defendants' argument that the suspension would have been awarded regardless of Plaintiff Surface's protected conduct.  However, Defendants' argument is, again, a request for this Court to re-weigh the evidence in Defendants' favor.  Once a plaintiff has established a prima facie case of First Amendment retaliation, then

> the burden shifts to the employer to demonstrate "by a preponderance of the evidence that the employment decision would have been the same absent the protected conduct.'"  *Eckerman v. Tenn. Dep't of Safety* 636 F.3d 202, 208 (6th Cir. 2010) (internal quotation marks omitted).  "Once this shift has occurred, summary judgment is warranted if, in the light of the evidence viewed in the light most favorable to the plaintiff, no reasonable juror could fail to return a verdict for the defendant."  *Id.*

*Dye v. Office of the Racing Com'n*, 702 F.3d 286, 294 (6th Cir. 2012).  Here, Sergeant Rodney Williams' testimony, alone, is insufficient to warrant summary judgment because, a reasonable juror, viewing the evidence in a light most favorable to Plaintiff Surface, could still conclude he received his suspension in retaliation for filing this lawsuit.  Defendant Patterson's testimony, the arbitrator's decision, and the fact Plaintiff Surface was recalled by the new chief of police before his suspension was completed supports an inference that Plaintiff Surface's suspension was excessive, that it was motivated by his protected conduct, and that he would not have received the same suspension absent the protected conduct.  On the other hand, there is also

evidence, including the cited Sergeant Rodney Williams' testimony, that supports a finding that

the suspension was not excessive and would have been awarded regardless of his protected

conduct.  Thus leading to this Court's conclusion that a genuine issue of material fact exists and

that summary judgment cannot be granted on this claim.  In short, the Court did not commit a

palpable error in its analysis by construing the evidence and drawing reasonable inferences in

Plaintiff Surface's favor.

      C.      Court did not improperly infer retaliation

Finally, Defendants contend that the Court palpably erred when it relied upon the fact

that "Plaintiff Surface also received his 29-day discipline the same day Defendant Lock retired,

and was called back to duty by the new chief of police before his full 29-day suspension was

completed."  *Garceau*, No. 12-15513, 2016 WL 2016 WL 4537813, at *21.  Defendants contend

that there was "no evidence" Plaintiff Surface's suspension date deviated from the standard

protocol and that such an inference was unsupported speculation and insufficient to support an

inference of retaliation.

The Court finds Defendants' argument unavailing.  The Court properly viewed the

circumstances around Plaintiff Surface's suspension in a light most favorable to Plaintiff

Surface, and concluded that this evidence could support an inference of retaliation.  Indeed,

while Defendants claim there was no evidence that Plaintiff Surface's suspension date deviated

from standard protocol, Plaintiff Surface's testimony that the new chief of police recalled him

before his suspension was completed raises a reasonable inference that the new chief disagreed

with the  length of the suspension or its severity.  Again, the Court is charged with viewing the

evidence and drawing reasonable inferences in favor of Plaintiff Surface at this stage of the

litigation.  Moreover, these facts were not the only evidence the Court relied upon in concluding genuine issues of material fact existed as to Plaintiff Surface's retaliation claim.  For all these reasons, the Court finds that it did not commit any palpable error by relying upon these facts.

## IV. CONCLUSION

For all these reasons, the Court DENIES Defendants' Motion for Reconsideration (ECF No. 66).

IT IS SO ORDERED.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  November 4, 2016


## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 4, 2016.


s/Deborah Tofil
Case Manager